## SHORES *et al. v.* SCOTT RIVER COMPANY *et al.*

A DECREE foreclosing a mortgage cuts off all rights of such subsequent purchasers or incumbrancers as are made parties to the foreclosure action.

A person who, after the commencement of an action to foreclose a mortgage, acquires possession of the premises from one of the defendants and continues to occupy after a sale under the decree of foreclosure is a "tenant in possession," and liable as such to the purchaser for the rents and profits accruing between the sale and the execution of the Sheriff's deed.

R. having a possessory interest in certain premises which had been sold under a foreclosure decree employed M. to manage the property, and receive all its proceeds and pay them over in certain fixed proportions to R. and S.: *Held,* that M. was a mere agent of R. and not a "tenant in possession," and, therefore, not liable to the purchaser at the sale for the rents and profits.

Whether the purchaser at a judicial sale can maintain an action for the rents and profits against the tenant in possession before receiving his deed from the Sheriff—*Query.*

APPEAL from the Ninth Judicial District.

On the twenty-eighth of July, 1856, the Scott River Company mortgaged certain ditch property of which it was owner to the plaintiffs. In December, 1856, one Lamphier recovered a judgment against the company for $1,319, and on the seventeenth of January, 1857, the property was sold under an execution upon this judgment, and Lamphier became the purchaser for five hundred dollars.

On the eleventh of February, 1857, the company executed to E. Steele a trust deed, by the terms of which he was to possess, manage, and take the profits of the property for the period of two years, and apply the net proceeds: first, to the payment of a debt due him, which was secured by a mortgage upon the property executed in 1855; and second, to the reimbursement of himself for advances which he agreed to make to the company for the purpose of enabling it to pay off certain other incumbrances, among which was the balance of the Lamphier judgment and his lien by his certificate of sale, which latter Steele was to purchase. Upon receiving his debt and the sums advanced by him, with interest, the property was to be surrendered by Steele to the company. According to this agreement, Steele purchased the Lamphier certificate of sale. This cer-

tificate he, on the third day of September, 1857, assigned to A. H. Steele, who, on the twenty-second day of April, 1859, assigned it to S. S. Richardson. In August, 1859, E. Steele also assigned to Richardson his bond and mortgage, and other claims against the company, with his rights under the trust deed.

In January, 1859, while Steele was in possession under the trust deed, plaintiffs commenced an action to foreclose their mortgage, making him a party defendant with the company, and on the twenty-third of March obtained a decree of foreclosure in the usual form, under which the property was sold on the eleventh of August, 1859, the plaintiffs becoming the purchasers, for the sum of $6,200, and receiving from the Sheriff a certificate of sale.

Between the commencement of the action and the sale under the decree Richardson took possession under his assignment from Steele. Before his assignment, Steele had borrowed money of one Smyth, to be used in repairing the ditch, and had agreed with him that Peter McQueen should manage the ditch and collect the proceeds of sales of water, and pay one-fourth of them to Smyth and three-fourths to Steele; and after the assignment to Richardson, McQueen was continued by him and Smyth in the same position and under a like arrangement.

The present action was commenced October 14th, 1859, against the Scott River Company, E. Steele, S. S. Richardson, and Peter McQueen. The complaint charged that Steele, Richardson, and McQueen had been in possession of the ditch since the eleventh day of August, 1859—the date of plaintiffs' purchase under the decree of foreclosure—and had received the rents and profits, amounting to five hundred dollars per month; and that these parties were insolvent, and prayed a judgment against them for the back rents already received, and that a receiver be appointed to take charge of the property and receive its proceeds for the benefit of plaintiffs until the expiration of the time of redemption. A receiver *pendente lite* was appointed; defendants answered, and a trial was had before the Court without a jury, which resulted in a finding in favor of plaintiffs. A decree was entered that Richardson and McQueen pay to plaintiffs five hundred and twelve dollars for back rents received by them; that the temporary receiver

should pay to plaintiffs the money already received by him and should continue to collect the rents during the remainder of the time for redemption, and pay them to plaintiffs under the order of the Court, and restraining all the defendants from receiving the rents during that period.

Defendants moved for a new trial, which was denied, and from this order and the judgment McQueen and Richardson appeal.

*Crockett & Crittenden*, for Appellants.

I.  Any judgment in this case against McQueen is contrary to law, because McQueen was not in possession.  He was a mere agent, and his possession was Richardson's.  A judgment against both Richardson and McQueen clearly cannot be maintained.  They were not jointly in possession.  The case proceeds upon the idea that whoever had the money, whether he collected it directly from the property or received it from the person who did collect it, was liable to the plaintiffs for it.  Upon the same principle, a creditor of Richardson receiving the money in payment of a debt would also be liable to the plaintiffs.

Richardson and McQueen could not both have the money.  Upon proof that one had it, the other should in reason be discharged.

II.  Neither Richardson nor McQueen was liable to any judgment in this action, because they were not " tenants in possession " within the meaning of the law.  McQueen, as we said, was the mere agent of Richardson; and the latter held adversely to the plaintiffs and the company—for he held under the certificate of purchase and the contract.

By " tenants in possession " the statute means the judgment debtor, or any one in possession under him and who is liable to pay rent to him.  The liability of one in possession is not altered nor enlarged by force of the sale; but after the sale he must pay to the purchaser what before he was liable to pay to the debtor. (*Reynolds* v. *Lathrop*, 7 Cal. 46.)

Here, Richardson was not liable to pay anything to the company.  The income of the ditch he was to receive to his own use.  Would one who entered, not under the judgment debtor but ad-

versely to him and under a claim of title, be bound to pay the rents to the purchaser ?    Would a subsequent mortgagee, who was in possession by consent of his mortgagor and entitled to apply the profits to his own debt, and who had not been made a party to a foreclosure of a prior mortgage, be bound to pay rent after a sale to the prior mortgagee as purchaser ?

III.    The whole proceeding is radically wrong.    The case is not one of equitable jurisdiction at all.    Even if Richardson and McQueen had been in possession within the meaning of the statute, they were entitled to the possession until the expiration of the six months allowed for redemption, and were only liable for the rents and profits in a common law action for the value of the use and occupation.

They could not be ousted from the possession in the manner attempted in this case and effected by the judgment.    (Pr. Act, secs. 235, 236; *Guy* v. *Middleton et al.*, 5 Cal. 392.)

The estate is not in the mortgagee nor in the purchaser until the deed is executed.    The insolvency of a mortgagee and the insufficiency of the security constitute, therefore, no ground for the appointment of a receiver pending proceedings to foreclose, and it is error in such a case to appoint a receiver.    (*Guy* v. *Ide*, 6 Cal. 99.)

Upon the same principle such an appointment after sale and before the execution of the Sheriff's deed, upon an allegation of insolvency of the tenants in possession, if such were the fact, which it was not here, is error.

*Geo. Cadwallader*, for Respondent.

The two hundred and thirty-sixth section of the Practice Act says: "The purchaser from the time of the sale until a redemption, and a redemptioner from the time of his redemption until another redemption, shall be entitled to receive from the tenant in possession the rents of the property so sold, or the value of the use and occupation thereof."

In *McDevitt* v. *Sullivan* (8 Cal. 592) and *Harris* v. *Reynolds* (13 Id. 514) this section has been construed.    In the latter, it was held that the words "tenant in possession" were broad enough

to include the judgment debtor himself as well as parties placed in possession by him.   That case is the fullest imaginable authority for this, and must necessarily control it—indeed, it goes much further than is necessary for us.

Steele was a party to the action foreclosing the mortgage, and the decree bound him, and barred whatever interest he had in the property.   When thereafter he placed McQueen and Richardson in possession, they took subject to our decree—they could have no higher rights to the rents and profits than Steele had—and Steele's right had been declared subordinate to ours.   McQueen is the mere agent or water rent collector, as Reynolds was in *Harris* v. *Reynolds*, and liable upon the same principle.

Our mortgage being prior in point of time to the lease or grant to E. Steele, it was not in the power of the Scott River Company to make such a lease or grant of its rents as to prevent our right accruing under the statute to those rents.

Cope, J. delivered the opinion of the Court—Field, C. J. and Norton, J. concurring.

The Scott River Water and Mining Company executed to the plaintiff a mortgage upon certain ditch property in the county of Siskiyou.   The mortgage debt not being paid, a suit was brought, and a decree obtained under which the property was sold—the plaintiffs becoming the purchasers, and receiving the usual certificate of sale, and at the expiration of six months thereafter a deed. The present suit was brought to recover the rents and profits during a portion of the time allowed for redemption, and to obtain an injunction and the appointment of a receiver.   A judgment was rendered granting the relief asked ; and from this judgment two of the defendants, McQueen and Richardson, appeal.

The matters chiefly relied on for a reversal grow out of certain transactions between the Scott River Company and one Steele. These transactions took place subsequently to the execution of the mortgage, and we do not see in what respect the rights of the plaintiffs were prejudiced by them.   Steele was in possession of the property when the foreclosure suit was commenced, and was made a party to the suit—and his rights, whatever they may have been,

were cut off by the decree. Richardson came in under Steele, and as the tenant in possession, is undoubtedly responsible for the rents and profits. McQueen was the agent of Richardson, and though having the actual management of the property, can hardly be regarded as standing in the position of a tenant. His possession was the possession of Richardson; and we are of opinion that the remedy of the plaintiffs is confined to the latter. It is true, the proceeds arising from the use of the property went into the hands of the former, but the statute only gives a remedy against the tenant in possession. The right to recover rests upon the statute; and the tenant in possession is the only person against whom the right exists. It is possible that, as against Richardson, so far as his personal liability is concerned, the suit was prematurely brought, but this point is not made. The suit was brought before the plaintiffs obtained a deed, and it may be a question as to whether a cause of action had then accrued. There is no doubt, however, that the plaintiffs were entitled to a receiver; and we think the judgment should be affirmed, except as to McQueen. To that extent it must be reversed, but we shall affirm it in other respects.

Ordered accordingly.